2CARTER, C.J.
The Assessor for the First Municipal District of Orleans Parish (Assessor)[2] appeals the judgment of the district court concerning the fair market value and assessment of certain property owned by EOP New Orleans, L.L.C. (EOP). For the reasons that follow, we affirm the judgment of the district court, which reversed the decision of the Louisiana Tax Commission (LTC).
FACTS AND PROCEDURAL HISTORY
EOP is the owner of a parking garage located at 601 Tchoupitoulas Street in New Orleans. In August 1999, the Assessor set the fair market value of the property for the 2000 tax year at $3,050,067. EOP received written notification of this valuation from the Assessor on or about August 4, 1999. The Assessor subsequently increased the fair market value of the property to $9,375,000 without any notification *1035 to EOP. Nonetheless, EOP discovered the increased valuation and timely filed a complaint with the Board of Review for Orleans Parish.
The Board of Review rendered a decision setting the fair market value of the property at $5,828,160. Despite this decision by the Board of Review, EOP appealed to the LTC. EOP argued that the Assessor’s original valuation of $3,050,067 should be reinstated and that the Assessor should be estopped or otherwise legally precluded from asserting a higher value. The Assessor also appealed the decision of the Board of Review to the LTC.
The LTC conducted a hearing on this appeal at which EOP argued that the property should be valued at only $3,050,067, as originally set by the Assessor.[3] In the alternative, EOP submitted both testimony and documentary evidence to support its assertion that the fair market value of the property should be $5,828,160.
UThe Assessor did not personally testify at the hearing before the LTC. Instead, the Deputy Assessor, Marla Jones Newman, appeared on behalf of the Assessor’s office and read a statement concerning the valuation of the property into the record. Ms. Newman testified that the parking garage at issue contained 763 spaces, which the Assessor had valued at $11,250 per parking space. She further testified that these figures, plus the value of the land, were used to reach the fair market value set by the Assessor.
Mike Allen, the staff appraiser for the LTC, submitted a report in which he opined that the fair market value of the parking garage was $8,048,000. This report was introduced into the LTC record without any objection by EOP or the Assessor. Mr. Allen was present and testified under cross-examination at the hearing regarding his appraisal. The supporting data and methodology used by Mr. Allen in his appraisal were provided in his report, as well as in his testimony before the LTC.
The LTC took the matter under advisement and ultimately rendered a written decision setting the fair market value of the property at $8,048,000 in accordance with the valuation provided by Mr. Allen. EOP sought judicial review of this decision by filing a petition in the Nineteenth Judicial District Court pursuant to LSA-R.S. 47:1998 and 2110. In this petition, EOP argued that the Assessor should be legally precluded from asserting a fair market value in excess of $3,050,067 due to the legal requirement that the assessment lists be completed by August 1. In the alternative, EOP again alleged that the fair market value of the property should be $5,828,160. The Assessor filed an answer and reconventional demand to EOP’s petition for judicial review,[4] seeking to have the decision of the LTC reversed and the Assessor’s valuation of $9,375,000 reinstated.
After reviewing the record and briefs, and considering the oral arguments of the parties,[5] the district court reversed the decision of the LTC and reinstated the L$3,050,067 valuation originally set by the *1036 Assessor. This appeal by the Assessor followed.[6]
DISCUSSION
The valuation of property for taxation purposes is governed by both constitutional and statutory provisions. Article VII, Section 18(D) of the Louisiana Constitution provides that each assessor is to determine the fair market value of all property subject to taxation in his parish or district. A right to request a review of the assessor’s determinations is provided for by Article VII, Section 18(E).
Pursuant to LSA-R.S. 47:1992F, each assessor in Orleans Parish must prepare the assessment lists by August 1 and make them available for public inspection for fifteen days. See LSA-R.S. 47:1987. If the taxpayer disagrees with this assessment, he may file a written complaint with the assessor within the three-day period provided in LSA-R.S. 47:1992F(2)(b). The assessor must then forward the taxpayer’s complaint to the board of review. See LSA-R.S. 47:1992F(2)(c). Thereafter, any taxpayer or assessor dissatisfied with the decision of the board of review may appeal to the LTC. LSA-R.S. 47:1992D.
In this case, it is undisputed that the Assessor originally set the fair market value of the parking garage at $3,050,067, and the Assessor sent written notification of this valuation to EOP. In addition to this written notification, EOP inspected the assessment rolls and observed that the Assessor had assigned this fair market value to the property. While the rolls were still open for inspection, but after EOP had received notification of the Assessor’s initial valuation and had inspected the rolls, the Assessor unilaterally changed the fair market value assigned to the property to $9,375,000. The Assessor did not provide any written or oral notification of this change to EOP.
Despite this lack of notice, EOP discovered the change during a discussion with the Assessor on another matter. At the time that the change was discovered, the | Bassessment rolls were still open for inspection, and the delays for filing a complaint with the Board of Review had not run. Therefore, EOP still had an opportunity to seek review of the assessment by the Board of Review. EOP timely filed a complaint for consideration by the Board of Review.
The relevant statutes, LSA-R.S. 47:1987 and 1992F, require that the list showing property assessments be completed by August 1 and be available for inspection for a defined period and that any complaints regarding these assessments be received by the assessor’s office within three business days after the last date on which the lists are exposed. The statutes do not authorize the assessor to unilaterally change an assessment after the lists are exposed for inspection by the taxpayers. Accordingly, the Assessor’s act of unilaterally changing the assessed value of the parking garage after the lists were exposed for inspection was invalid. Thus, the Assessor is precluded from setting a higher fair market value in this case.
CONCLUSION
For the foregoing reasons, we affirm the district court judgment reversing the decision of the Louisiana Tax Commission and reinstating the $3,050,067 valuation as *1037 originally set by the Assessor. The costs of this appeal in the amount of $698.18 are assessed to the Assessor for the First Municipal District of Orleans Parish.
AFFIRMED.

. Patricia A. Johnson was the Assessor for the First Municipal District at the time the pertinent assessment and valuation of the property was made. At the time of oral argument before this court, however, Ms. Johnson was no longer the Assessor, having been replaced by Darren Mire. Mr. Mire filed a motion to substitute counsel and Assessor on the morning of oral arguments, which was granted by this court.

. EOP did not offer any evidence to support that valuation as the correct fair market value.

. Since the district court was reviewing the case under its appellate jurisdiction, the Assessor’s pleadings were essentially an answer to the appeal of EOP and not a reconventional demand.

. In its written judgment, the district court refers to oral arguments of the parties. No such arguments have been made a part of the record before this court.

. EOP has argued in its brief before this court that the Assessor's appeal should be dismissed because an assessor is not one of the parties authorized to seek judicial review pursuant to LSA-R.S. 47:1998A(l)(a). We disagree. See LSA-R.S. 47:1903.3 which authorizes assessors to intervene in petitions for judicial review and become a party thereto. See also LSA-R.S. 47:1992(D) and LSA-R.S. 49:965.